UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

D-1 KENNETH DIXON,

          Defendant.
_____/

Criminal No. 12-CR-20668
HON. John Corbett O'Meara

## **PRELIMINARY ORDER OF FORFEITURE**

An Indictment issued against Defendant Kenneth Dixon ("Defendant") charging, among other offenses, Aggravated Identity Theft (Count Three) in violation of 18 U.S.C. § 1028A, and Theft of Government Money (Count Four) in violation of 18 U.S.C. § 641.

The Indictment contains Forfeiture Allegations seeking, upon Defendant's conviction, forfeiture to the United States of any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of Defendant's violations. The Forfeiture Allegations include notice of the government's intention to seek entry of a personal money judgment against Defendant in a sum equal to the total amount obtained as a result of Defendant's violations, for which defendants shall be jointly and severally liable, including the

forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p).

Defendant entered into a Rule 11 Plea Agreement [Dkt. # 140] ("Rule 11") in which he agreed to plead guilty to Counts Three and Four of the Indictment, and on or about September 22, 2014, Defendant pleaded guilty.

Pursuant to Fed.R.Crim.P.32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and/or 18 U.S.C. § 982(a)(2)(B), Defendant agreed, in his Rule 11, to the entry of a personal money judgment against him in favor of the United States in the amount of $256,921.00, which constitutes, or was derived from, the proceeds obtained, directly or indirectly, from the offenses charged in Counts Three and Four of the Indictment.  Defendant agreed that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant.  To satisfy the money judgment, defendant explicitly agreed to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waived and relinquished his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

In his Rule 11, Defendant agreed to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture containing the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case.

NOW THEREFORE, based upon Defendant's acknowledgment of criminal forfeiture proceedings, Defendant's Rule 11 and guilty plea, the government's unopposed application for entry of a preliminary order of forfeiture, and the information in the record,

IT IS HEREBY ORDERED AND ADJUDGED that a money judgment in the amount of $256,921.00 is granted and entered against Defendant KENNETH DIXON in favor of the United States of America as that is the amount obtained from the offenses charged in Counts Three and Four of the Indictment.

IT IS FURTHER ORDERED that the money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant KENNETH DIXON.  To satisfy the money judgment, any assets that Defendant KENNETH DIXON has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

IT IS FURTHER ORDERED that pursuant to Fed.R.Crim.P. 32.2, this Preliminary Order of Forfeiture is the Final Order of Forfeiture and shall be made part of the sentence and included in the Judgment, and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED.

Date: February 10, 2015              s/John Corbett O'Meara
                                     United States District Judge