UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                           Case No. 12-20668

v.

                                           Hon. John Corbett O'Meara

D-1 KENNETH DIXON,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

Before the court is Defendant Kenneth Dixon's motion for judgment of acquittal or for a new trial. For the reasons explained below, Defendant's motion is denied.

**BACKGROUND FACTS**

Defendant Kenneth Dixon was charged in the First Superseding Indictment with the following offenses: Count I, conspiracy to defraud the United States, in violation of 18 U.S.C. §371; Count II, use of counterfeit access devices, in violation of 18 U.S.C. §1029; Count III, aggravated identity theft, in violation of 18 U.S.C. §1028A; and Count IV, theft of government money, in violation of 18 U.S.C. §641. The government alleged that Defendant used stolen identities to

fraudulently obtain unemployment benefits. After a five-day trial, the jury rendered a verdict of guilty on all four counts.

Defendant seeks a judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, a new trial pursuant to Fed. R. Crim. P. 33. In support of his motion, Defendant raises two alleged errors: the testimony of Neil MacVicar and a proffer made by the government during the testimony of Charles Durr. MacVicar worked for the Michigan Health and Hospital Association ("MHHA") in their unemployment compensation program. TR Vol. 2 at 4. The MHHA processed unemployment claims for St. John Hospital. Id. at 5. The government alleged that Defendant submitted fraudulent insurance claims listing St. John Hospital as the former employer. One claim was in the name of "Mitchell Perry," who had never actually worked for St. John Hospital. See id. at 8-9; Govt. Ex. 3. Defendant's RushCard records showed that direct deposits of unemployment benefits, in the name of Mitchell Perry, went to Defendant's RushCard account. Govt. Ex. 33.

Defendant objects to MacVicar's testimony that hospitals like St. John are charged for the full amount of unemployment benefits paid out. TR Vol. 2 at 11-13 (hospitals pay "dollar for dollar on each claim that someone receives benefits for"). Defendant contends that this testimony was not relevant and highly prejudicial.

Defendant also objects to the government's proffer regarding the testimony

of one of his co-defendants, Charles Durr. In 2013, Durr made a statement to federal agents that an individual known as "Tank" taught him and Carl Lesley how to file fraudulent unemployment claims. Durr stated that he and "Tank" were arrested in 2012 and, at that time, he learned that Tank's real name was Kenneth Dixon. Durr pleaded guilty in this matter and was sentenced to twenty-one months in prison on March 31, 2015.

The government called Durr to the witness stand at Defendant's trial on May 17, 2017. Durr stated that he did not "recall" meeting an individual by the name of Tank. TR Vol. 5 at 5-6. The government then attempted to refresh Durr's recollection by asking him about the agent's report of his interview in 2013. Defendant objected that the statement was not written by Durr, and that the government had not laid a proper foundation. Id. at 6-7. The court indicated that the government "heard the objection and now why don't you make a proffer." Id. at 7. In response, the government stated that Durr would testify that Tank showed him how to file unemployment insurance claims and that he is "100 percent certain" that Dixon is the individual known as Tank. Id. at 7. Defendant objected and moved for a mistrial. The court denied the motion for mistrial, but also did not permit Durr to testify further, except to allow for cross examination. Id. at 7-8.

## LAW AND ANALYSIS

A court may enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In analyzing a motion for acquittal,

> this court does not "weigh the evidence or ... determine the credibility of the witnesses." Rather, the burden of this court is to evaluate whether, viewed in a light most favorable to the government, there is sufficient evidence for any rational trier of fact to have found the essential elements of a crime beyond a reasonable doubt. This court "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and . . . this rule applies whether the evidence is direct or wholly circumstantial."

United States v. Turner, 995 F.2d 1357, 1362 (6th Cir. 1993) (citations omitted).

Rule 33 provides that the court may grant a new trial to the defendant "if the interest of justice so requires." Fed. R. Crim. P. 33. "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." Turner, 995 F.2d at 1364. "A motion for a new trial can be premised on the argument that the 'verdict was against the manifest weight of the evidence,' and it can be premised on the argument that 'substantial legal error has occurred.'" United States v. Callahan, 801 F.3d 606, 616 (6th Cir. 2015) (citation omitted).

Defendant argues that, absent the allegedly objectionable testimony from MacVicar and the government's proffer regarding Durr's testimony, the evidence

-4-

at trial was insufficient to sustain his conviction. Defendant's argument is without merit. Defendant has not demonstrated that the government failed to present sufficient evidence of the essential elements of the crimes charged. Indeed, the government introduced sufficient evidence to support Defendant's conviction, including the testimony of co-conspirator Shalace Washington, the testimony of Special Agent James Meade, and that Defendant had pleaded guilty to Counts III and IV on September 22, 2014.[1]

Further, the errors alleged by Defendant do not rise to the level of "substantial" legal error warranting a new trial. Defendant contends that MacVicar's testimony about the financial loss suffered by St. John Hospital was "highly prejudicial," and therefore should have been excluded pursuant to Fed. R. Evid. 403. Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice." "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." United States v. Newsom, 452 F.3d

---

[1] The court permitted Defendant to withdraw his guilty plea on December 23, 2015. However, the plea agreement signed by Defendant allowed the government to use the plea against him in any subsequent proceeding if he withdrew his plea. See Docket No. 140 at 10.

593, 603 (6th Cir. 2006) (quoting United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993)).  See also Fed. R. Evid. 403 Advisory Committee Notes ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").  Defendant has not shown that MacVicar's testimony was inflammatory or otherwise suggested a decision on an improper basis.

As for the government's proffer regarding Durr's testimony, any potential prejudice was ameliorated by the court's instruction to the jury that a lawyer's statements are not evidence.  See Jury Instruction at 7 (Docket No. 235); United States v. Harvey, 653 F.3d 388, 396 (6th Cir . 2001) ("Jurors are presumed to follow instructions.").  The alleged errors identified by Defendant do not rise to the level of "substantial legal error," particularly in light of the ample evidence supporting the jury's verdict.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for judgment of acquittal or new trial is DENIED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  October 4, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 4, 2017, using the ECF system.

                                              s/William Barkholz
                                              Case Manager